IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NEXSTAR BROADCASTING, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cv-249 |
| GRANITE BROADCASTING CORPORATION, WISE-TV LICENSE LLC, and WISE-TV, INC., | ) |
| Defendants. | ) |

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Stay Discovery and supporting memorandum filed on September 12, 2011. (Docket # 34, 35.) Argument on the motion was heard and concluded at the scheduling conference on September 14, 2011. At the conference, the Court GRANTED Defendants' Motion to Stay for the reasons set forth in this opinion.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2011, Plaintiff Nexstar Broadcasting, Inc. ("Nexstar") sued Defendants Granite Broadcasting Corporation, Wise-TV License LLC, and Wise-TV, Inc. (collectively, "Granite") in this Court, alleging that Granite violated the Sherman Act, the Clayton Act, and the Indiana Antitrust Act.[1]  (Compl. Counts I-V.)  These allegations arise from an agreement between Granite and FOX Broadcasting Company making Granite the new exclusive network

---

[1] Accordingly, subject matter jurisdiction arises under 28 U.S.C. § 1331.

1

affiliate of FOX, effective August 1, 2011. (Compl. ¶ 30.) Prior to this agreement, WFFT-TV, a Nexstar-owned station, was the FOX network affiliate in Fort Wayne. (Compl. ¶ 16.) Nexstar alleges that as a result of Granite's relationship with Malara, another broadcast group, Granite controls sales and revenues for the NBC, ABC, CW, and MyNetworkTV affiliates in Fort Wayne (Compl. ¶ 29) and, after August 1, 2011, for the FOX affiliate as well (Compl. ¶ 31).

Nexstar further claims that immediately after the public announcement of the new FOX affiliation agreement, Granite attempted to hire away key Nexstar employees who possessed confidential and proprietary information about WFFT-TV. (Compl. ¶¶ 32-33.) Furthermore, Nexstar alleges that even before its exclusive affiliation agreement with FOX became effective, Granite attempted to accelerate the movement of advertisers from Nexstar's WFFT-TV to the stations owned by Granite and Malara by denigrating WFFT-TV to advertisers and the public. (Compl. ¶ 34.) As a result of Granite's actions, Nexstar asserts that it has incurred and will incur substantial harm, namely loss of substantial profits, increased costs of programming, and preclusion from accessing certain viewer constituents. (Compl. ¶ 8.)

In lieu of responding to Nexstar's Complaint, Granite filed a Motion to Dismiss for Failure to State a Claim on September 12, 2011. (Docket # 32.) Specifically, Granite's Motion to Dismiss argues that Nexstar's complaint must be dismissed for failure to allege the requisite antitrust injury and causation elements, lack of antitrust standing, lack of a cognizable antitrust claim for its allegations of denigrating speech and predatory hiring, and for failing to allege a cognizable conspiracy necessary to support its concerted action claims. (Defs.' Mem. in Supp. of Mot. to Dismiss iii-iv.) Also on September 12th, Granite filed the present Motion to Stay Discovery. (Docket # 34.) Nexstar, however, argues that all it is really seeking from Granite is

2

the information Granite gave to the Indiana Attorney General as well as initial disclosures under Federal Rule of Civil Procedure 26(a).

### III.  DISCUSSION

Under Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery.  *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). District courts have extremely broad discretion in controlling discovery, *id.*, which includes managing the timing, extent, frequency, and manner of discovery, *Nixon v. Haag*, No. 1:08-cv-00648-LJM-JMS, 2009 WL 2026343, at *2 (S.D. Ind. July 7, 2009).  The Court must use its discretion to ensure that technically proper discovery does not impose oppression or undue burden or expense.  *Id.*

While a party's filing of a motion to dismiss may be an appropriate circumstance in which to limit discovery, "[t]he filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion."  *Duneland Dialysis LLC v. Anthem Ins. Co., Inc.*, No. 4:09-CV-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010) (quoting *Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ind. Apr. 29, 2008)).  Rather, whether a stay of discovery is warranted depends on the individual case.  *Id.*  A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing.  *Id.* (citing *Simstad*, 2008 WL 1914268, at *1; *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007); *Builder's Ass'n of Greater Chi. v. City of Chi.*, 170 F.R.D. 435, 437 (N.D. Ill. 1996)).

(internal quotation marks omitted).

Discovery concerns are particularly great in antitrust litigation, where discovery "can quickly become enormously expensive and burdensome to defendants." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008); *see Asahi Glass Co. v. Pentech Pharm., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) (requiring that "some threshold of plausibility . . . be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase"). The Supreme Court recognized this concern in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007), stating that "it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." The *Twombly* Court was "concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (construing *Twombly*, 550 U.S. at 559). Furthermore, when multiple theories of antitrust liability are advanced, defendants face a potentially greater burden because the scope of discovery must be further expanded to encompass each type of alleged anticompetitive action. *DSM Desotech Inc.*, 2008 WL 4812440, at *2.

Since *Twombly*, Seventh Circuit courts have taken this concern seriously, staying discovery in antitrust litigation and other complex cases. *Id.* at 3 (relying on *Twombly* in granting defendants' motion to stay discovery pending the outcome of their motion to dismiss in an antitrust litigation); *see Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358, at *4-5 (N.D. Ill. May 21, 2009) (granting a general stay based on the rationale of *Twombly* but

4

ordering very focused discovery that the defendant agreed would not be burdensome); *Bodnar v. John Hancock Funds, Inc.*, No. 2:06 cv 87, 2007 WL 1577914, at *3 (N.D. Ind. May 30, 2007) (granting motion to stay pending motion to dismiss in an ERISA case with numerous plaintiffs because discovery of facts was unnecessary in response to a motion to dismiss); *cf. Limestone Dev. Corp.*, 520 F.3d at 802-804 (finding that RICO cases, like antitrust cases, were "likely to be more than usually costly" and indicating that burdensome discovery in RICO cases during the pendency of a motion to dismiss is inappropriate). After *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which applied *Twombly* to all civil actions, "the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast," requiring district courts to carefully consider the potential discovery needed in complex cases. *Coss*, 2009 WL 1455358, at *3. If the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed. *Id.*

In the instant case, Granite moved for a stay of discovery pending its motion to dismiss for failure to state a claim. While the mere filing of a motion to dismiss does not mandate a stay of discovery pending the outcome of this motion, *Duneland Dialysis LLC*, 2010 WL 1418392, at *2, in this case, granting the motion to stay is appropriate because of both the nature of the case as well as the arguments in Granite's Motion to Dismiss. Critically, this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery. Moreover, multiple theories of antitrust liability are advanced, from unreasonable restraint of trade to a conspiracy to monopolize to violations of the Clayton Act and Indiana Antitrust Act, placing an even greater potential discovery burden on Granite. *See*

5

*DSM Desotech Inc.*, 2008 WL 4812440, at *2.

A stay is also appropriate because Granite's Motion to Dismiss may not only resolve the case, but it raises a potentially dispositive threshold issue, two of the circumstances in which a stay was deemed appropriate in *Duneland Dialysis LLC* and the cases cited therein.  Granite argues that all of the claims in Nexstar's complaint must be dismissed on the basis of lack of standing, failure to pled the necessary elements of the antitrust and concerted action claims, and raising claims that are not cognizable.  (Defs.' Mem. in Supp. of Mot. to Dismiss iii-iv.)  If Granite's motion is granted, all of Nexstar's claims would be dismissed, and the case could be resolved completely.  More importantly, Granite's motion challenges Nexstar's standing, which is a threshold issue that, if standing is not found, would end the case as well.  Accordingly, the Court found that the Motion to Stay Discovery pending the outcome of Granite's Motion to Dismiss to be appropriate and granted this Motion to Stay at the scheduling conference.

During the scheduling conference, Nexstar argued that since it was requesting only the information that Granite provided to the Indiana Attorney General and initial disclosures under Rule 26(a), this would not be burdensome as the information was already compiled and required only duplication.  Granite objected to this proposition on the grounds that the information provided to the Attorney General was confidential and, if disclosed to Nexstar, could damage Granite's competitiveness.  A California district court dealing with this same issue found that while "it is true that the discovery sought at this time is the same discovery already gathered, assembled, and produced to the government," making the costs of producing a duplicate set for the plaintiff minimal, "there would be the issue of various objections . . . that might be assertable against plaintiffs that were unasserted against the government."  *In re Graphics Processing Units*

*Antitrust Litig.*, No. C 06-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007).  Moreover, turning documents over to the government "does not mean that everyone else has an equal right to rummage through the same records."  *Id.*  Accordingly, the court found that the defendants had a legitimate interest in maintaining the confidentiality of these records and refused to permit discovery at that point in the litigation.  *Id.*; *see also Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, No. H-08-cv-0857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (finding that discovery request would place undue burden on defendants, even though documents had already been assembled and produced to government agencies, because of defendants' need to review a large volume of documents before producing them and the plaintiff's concession that it did not need the discovery to respond to the pending motion to dismiss); *cf. Sisk v. Guidant Corp.*, No. 1:05-cv-01658-SEB-WTL, 2007 WL 1035090, at *3-4 (S.D. Ind. Mar. 30, 2007) (refusing to lift an automatic stay under the PSLRA pending a motion to dismiss for disclosure of documents already produced to governmental entities because the fact that defendants already produced the documents did not create undue prejudice for plaintiffs).[2]

In this case, the information that Granite was required to provide to the Attorney General, such as customer lists and their prices in the market, could give a competitive edge to Nexstar or hurt Granite's ability to compete if Nexstar were provided with it.  Granite had objections to sharing such information with Nexstar that it did not have when sharing that information with the Attorney General.  Therefore, Granite has "a legitimate interest in maintaining the

---

[2]One recent Northern District of Illinois case, *Rawat v. Navistar Int'l Corp.*, No. 08 C 4305, 2011 WL 3876957, at *6-8 (N.D. Ill. Sept. 1, 2011), granted the plaintiffs' motion to compel the defendant to produce documents that the defendant had already produced in an earlier case and an SEC investigation because the defendant did not show that producing these documents would be unduly burdensome.  However, this case is easily distinguishable as there was no pending motion to dismiss and the parties had moved passed the pleading stage, which is not the case here.

confidentiality of [its] records." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5.  Furthermore, requiring Granite to review all of the information provided to the Attorney General to parse out the relevant and non-confidential information that could be given to Nexstar would be burdensome at this point in the litigation, especially considering that Nexstar did not argue that it needed such information to respond to Granite's Motion to Dismiss. *See Rio Grande Royalty Co., Inc.*, 2008 WL 8465061, at *1.  Therefore, the Court denied Nexstar's requests for the information Granite provided to the Indiana Attorney General as well as initial disclosures under Rule 26(a).

## IV.  CONCLUSION

Having heard arguments at the scheduling conference on September 14, 2011, the Court determined that Defendants' Motion to Stay (Docket # 34) should be GRANTED for the reasons set forth in this opinion.

SO ORDERED.

Entered this 15th day of September, 2011.

/s/ Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge