UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NEXSTAR BROADCASTING, INC.,** )<br>            )<br>    **Plaintiff,** )<br>            )<br>    **v.** )<br>            )<br>**GRANITE BROADCASTING** )<br>**CORPORATION, et al.,** )<br>            )<br>    **Defendants.** ) | **CAUSE NO. 1:11-CV-249** |

### OPINION AND ORDER

Before the Court is a joint motion by the parties seeking approval of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 20.) As the proposed order is deficient in one respect, it will be DENIED.

The proposed order, which extends beyond the discovery phase of the proceedings, does not narrowly define "Confidential Information" and "Highly Confidential – Attorneys' Eyes Only Information." (Proposed Stipulated Protective Order ¶¶ 6, 7.)  That is, "Confidential Information" is defined in the order as "discovery material containing commercially sensitive or strategic information . . . ." (Proposed Stipulated Protective Order ¶ 6.)  Although the order sets forth certain specific examples of "Confidential Information," such as "overhead, labor rates, balance sheets, and financial statements," the definition is not limited to these demarcated categories.

Of course, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte

blanche discretion to a party is invalid); *see Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). That is "a court must ensure that (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, and (3) the parties know the defining elements of the applicable category of confidentiality . . . ." *MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague).

In that same vein, the definition of "Highly Confidential — Attorneys' Eyes Only Information" is also vague in that it seeks to protect "information so competitively sensitive that it warrants extraordinary protections . . . ." (Proposed Stipulated Protective Order ¶ 7.) Although the order goes on to specifically list narrowly-defined demarcated categories of information, it reflects that "Highly Confidential — Attorneys' Eyes Only Information" is "*generally* limited" to such categories. (Proposed Stipulated Protective Order ¶ 7.)

On that front, a proposed order will be denied if it incorporates "fudge" terms that expand the categories' boundaries. *Cincinnati Insurance*, 178 F.3d at 945 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure an overly-broad order). Here, the definitions of "Confidential Information" and "Highly Confidential — Attorneys' Eyes Only Information" incorporate several "fudge"

terms ("containing," "reasonably believes," and "generally"), serving to increase their breadth.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). The Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*.

Nevertheless, "[o]btaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES approval of the proposed agreed protective order submitted by the parties (Docket # 42). Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.

SO ORDERED. Enter for this 28th day of October, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge