UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NEXSTAR BROADCASTING, INC., )<br>)<br>*Plaintiff* )<br>)<br>vs. )<br>)<br>GRANITE BROADCASTING )<br>CORPORATION, WISE-TV LICENSE, )<br>LLC, AND WISE-TV, INC., )<br>)<br>*Defendants* ) | CAUSE NO.   1:11-CV-249 RM |

OPINION and ORDER

The defendants' motion to reconsider the court's July 9 opinion and order denying the motion to dismiss, or, alternatively, to certify issues for interlocutory appeal and to stay proceedings pending the outcome of that appeal [Doc. No. 72] pends before the court. For the following reasons, the court denies the motion in its entirety.

I.  MOTION TO RECONSIDER

A court may, in the exercise of its discretion, revise any non-final order "at any time before the entry of a judgment adjudicating all the claims...." FED. R. CIV. P. 54(b); *see also* Galvan v. Norberg, 678 F.3d 582, 587 and n.3 (7th Cir. 2012). "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence," and should not "serve as

the occasion to tender new legal theories for the first time." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)).

Defendants Granite Broadcasting Corporation, WISE-TV Licence, LLC and WISE-TV, Inc. (collectively referred to as "Granite") raise only a single issue in their motion to reconsider — whether the court erred in finding that the complaint sufficiently alleged antitrust injury. Granite contends that payment of a "supra-competitive" price for the FOX affiliation wasn't "illegal" and can't be the "but for" cause of an antitrust injury unless it's part of a "predatory bidding scheme," *citing* Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co., 549 U.S. 312, 325 (2007), and that Nexstar Broadcasting's complaint doesn't allege such a scheme.

Nexstar argues that Granite's motion to reconsider merely places a new spin on arguments already rejected by the court, *see* Latson v. Ethicon, Inc., 2009 WL 3837889, at *2 (N.D. Ind. Nov. 13, 2009) (motions for reconsideration "are not the appropriate vehicles to again advance arguments already rejected by the court."), and that Weyerhaeurer is distinguishable and inapplicable when the complaint alleges a course of concerted conduct by two horizontal competitors — Granite and Malara — to exclude rivals from the market and monopolize that market. *See* Gulf States Reorganization Group, Inc. v. Nucor Corp., 466 F.3d 961, 965-966 (11th Cir. 2006) (reversing summary judgment for the defendants on the issue of

2

causation and holding that while the plaintiff "could have prevailed had it submitted a higher cash bid, [its] need to make a higher bid was occasioned only by" collusion between the two defendants); United States v. Microsoft Corp., 253 F.3d 34, 68-71 (D.C. Cir. 2001) ("monopolist's use of exclusive contracts" to foreclose competitors violated Sherman Act); Fishman v. Estate of Wirtz, 807 F.2d 520, 533 (7th Cir. 1986). The court agrees.

Granite's reliance on Weyerhaeurer as a basis for reconsidering the court's holdings on the sufficiency of the allegations of antitrust injury is misplaced. Granite raised this argument for the first time in its motion to reconsider, and provided no explanation as to why it should be allowed to do so at this stage of the proceedings. See Pole v. Randolph, 570 F.3d 922, 938 (7th Cir. 2009) ("Arguments raised or developed for the first time in a motion to reconsider are generally deemed forfeited."); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (motions to reconsider should not "serve as the occasion to tender new legal theories for the first time"). Even if Granite had raised it in its earlier briefing, Weyerhaeuser v. Ross-Simmons Hardwood, 549 U.S. 312, involved a motion for judgment after a jury trial, not a motion to dismiss in which the only question before the court was whether the plaintiff had alleged a plausible antitrust claim, and could be distinguished on its facts. See In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation, 767 F.Supp.2d 880, 905-906 (N.D. Ill. 2011).

While it's true that Gulf States Reorganization Group, Inc. v. Nucor Corp., 466 F.3d 961 (11th Cir. 2006), doesn't bind courts in this circuit and was decided before Weyerhaeuser, it presents similar facts and provides persuasive authority supporting the court's previous findings regarding the sufficiency of the antitrust injury allegations in this case. Granite's assertion that Gulf States Reorganization Group is inconsistent with Weyerhaeuser, and "if decided today, would have been decided differently," is conclusory and unsupported.

Finally, and more importantly, Granite's argument once again incorrectly assumes that the acquisition of the FOX network affiliation was the only antitrust violation alleged and the sole cause of Nexstar's alleged injuries. It was not.

In the July 9 order, the court explained that:

> The conduct complained of and the injury alleged aren't as simple as Granite contends. The complaint alleges that Granite, either alone or with Malara and others, engaged in a course of conduct that had the purpose and effect of excluding competition in the television local spot advertising market in violation of the antitrust laws. . . .
> Nexstar's aggregation or "chain reaction" theory of liability was pleaded in each of its claims, as was the requisite antitrust injury. Contrary to Granite's assertions, the alleged facts support a reasonable inference that Granite's concerted pre-2011 actions gave it the market power needed to acquire control over all a majority of the network affiliations and network programming in the Fort Wayne DMA and the advertising sales and revenues those affiliations generate, to the exclusion of other competitors. Whether Nexstar can prove that Granite's concerted actions are illegal per se or under the rule of reason (*i.e.,* that Granite was involved in a horizontal conspiracy with the purpose and effect of excluding direct competitors from the market, or that the alleged conduct would always or almost always tend to restrict competition and decrease output, without justification), *see* Broadcast Music, Inc. v. CBS, 441

U.S. 1 (1980), and whether Granite's actions were the "but for" cause of Nexstar's alleged injuries remains to be determined. The court can't decide at the pleadings stage whether Nexstar would have suffered identical injuries had someone else acquired the FOX affiliation, as Granite contends. While Nexstar's injuries might have been the same if another competitor had purchased the FOX affiliation, it could be inferred plausibly from the complaint's allegations that Granite, because of its market power, was the only competitor who could and would pay a "supra-competitive" price for the FOX affiliation agreement.

[Doc. No. 65 at pp. 11-12]. The court didn't conclude, as Granite contends in its reply brief, "that Nexstar may have pled sufficient antitrust injury only through its 'allegations that Granite, because of is market power, was the only competitor who could and would pay a "supra-competitive" price for the FOX affiliation agreement.'"

Accordingly, the court denies Granite's motion for reconsideration.

## II. MOTION FOR INTERLOCUTORY APPEAL AND STAY

Granite alternatively asks the court to certify for interlocutory appeal three questions of law relating to antitrust injury:

(1) whether Nexstar's allegations of payment by a defendant with market power of an alleged "supra-competitive" price for an exclusive distributorship can support a claim for antitrust injury without plaintiff alleging a predatory bidding scheme;

(2) whether the Continental Ore doctrine, which provides that a defendant's allegedly anticompetitive conduct can sometimes be aggregated

to prove a defendant's substantive antitrust violation, can be used to support a claim of private plaintiff antitrust injury in light of Kochert v. Greater Lafayette Health Services, 463 F.3d 710 (7th Cir. 2006); and

(3) whether, under Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), and its progeny, a plaintiff competitor pleads a plausible antitrust injury when it alleges that the conduct of the defendant that it challenges as anticompetitive resulted in increased prices in the relevant market.

Under 28 U.S.C. § 1292(b), a court may certify a question for interlocutory appeal if it presents "a controlling question of law as to which there is a substantial ground for difference of opinion and . . . an intermediate appeal . . . may materially advance the ultimate termination of the litigation." A party seeking an interlocutory appeal must satisfy each requirement, Ahrenholz v. Bd. of Trustees of Univ. of Illinois, 219 F.3d 674, 675 (7th Cir. 2000), and persuade the district court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quoting Fisons, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972).

Granite has identified good legal questions of significant interest in this case, but those questions are "controlling" only if one shares Granite's understanding of the court's ruling on the motion to dismiss. As explained in the

preceding section, Granite's understanding of that ruling isn't correct. An interlocutory appeal of those issues would simply delay the course of litigation premised on allegations of anticompetitive conduct involving a course of concerted conduct dating back to 2005, not simply Granite's acquisition and Nexstar's loss of the FOX affiliation and the higher prices that might result. An interlocutory appeal is inappropriate.

### III. CONCLUSION

For these reasons, the court DENIES the defendants' motion for reconsideration or, in the alternative, interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay of proceedings [Doc. No. 72].

SO ORDERED.

ENTERED:    October 9, 2012


                                          /s/ Robert L. Miller, Jr.
                                          Judge
                                          United States District Court